# EXHIBIT A

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL
CIRCUIT IN AND FOR BROWARD
COUNTY FLORIDA

CASE NO.:

GREGORY LACERRA,

    Plaintiff,

vs.

GREGORY TONY, individually and in his official
capacity as Sheriff of Broward County, JOHN HALE,
and VINCENT COLDWELL,

    Defendants.

_____ /

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

  Plaintiff, Sergeant Gregory LaCerra, ("LaCerra" or "Plaintiff"), by and through his

undersigned counsel, hereby files this Complaint against Defendant Gregory Tony, individually

("TONY") and in his official capacity as Sheriff of Broward County ("BSO"), John Hale ("HALE"),

and  Vincent Coldwell, ("COLDWELL"), and states as follows:

## INTRODUCTION

  This is an action for damages arising from unlawful conduct by command staff and

employees of the Broward Sheriff's Office, as well as Defendant TONY, individually and in his

official capacity as Sheriff of Broward County that resulted in violations of Plaintiff's federally

protected constitutional rights under the Fourth, and Fourteenth Amendments, and Florida's tort

laws. The alleged violations stem from false accusations that the Plaintiff, a BSO employee, had

committed the criminal acts of Battery, Falsification of Records and Conspiracy to Falsify

Records, in addition to violations of BSO policy. Defendants knew, including by testimony from

their own use of force expert, that these assertions were unfounded, untrue, and unsupported by any facts to support further action. Nevertheless, Defendants chose to cave to the court of public opinion, while TONY was running for election, and vilify Plaintiff professionally and personally, crushing his professional and personal reputation and holding both Plaintiff and his entire family up to public ridicule and humiliation, as well as placing their lives in danger.

At the time Defendants, TONY, HALE, and COLDWELL commenced this unlawful prosecution, it had documented proof that Sgt. LaCerra had done exactly what he was trained to do and that he had certainly not violated any BSO policy, much less broken the law. What began as an unwarranted Internal Affairs Investigation quickly became a predetermined-outcome investigation that was dragged out far longer than permitted by policy. Furthermore, included in this aspersive conduct was these individual Defendants' purposeful intent to pursue criminal charges and thwart Plaintiff's ability to seek legal redress or avoid further emotional distress. BSO also failed to make known to the public that there was never any cause to claim that Plaintiff was a corrupt officer even after TONY, and the Assistant State Attorney assigned to the case, personally aired television advertisements in their campaigns exposing, proudly, how they take care of "the bad cops;" all while the investigation was ongoing. Despite the proof of compliance with policy, and lack of any evidence of wrongdoing, BSO, TONY. HALE and COLDWELL all permitted Plaintiff to suffer public humiliation and other damages, while using this unlawful investigation to provide political cover.

## JURISDICTION AND VENUE

1. Plaintiff seeks damages in excess of $50,000.00, exclusive of costs and attorneys' fees.

2. This action is brought pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988, the Fourth, Fifth, and Fourteenth Amendments of the *United States Constitution,* and the tort laws of Florida.

Tonja Haddad, P.A. • 315 SE 7th Street, Fort Lauderdale, FL 33301• 954.467.1223

3. In connection with the acts, omissions, and violations alleged below, BSO through its employees, and TONY individually, either directly or indirectly violated clearly established constitutional rights, as well as statutory and common law duties owed to the Plaintiff.

4. Jurisdiction is conferred upon this Court pursuant to § 26.012 of the *Florida Statutes*, § 768.28 of the *Florida Statutes*, 42 U.S.C. § 1983, as well as the Fourth, Fifth, and Fourteenth Amendments of the *United States Constitution*.

5. Venue is appropriate in Broward County, Florida because the Defendants are located in Broward County, the Plaintiff is located in Broward County, and (the majority of the actions) giving rise to this matter occurred within Broward County, Florida.

## **PARTIES**

6. At all times material hereto, the Plaintiff LaCerra was, and continues to be, a citizen of the United States, and a resident of Broward County, Florida.

7. Plaintiff has been employed with the BSO for twenty-four (24) years, and currently serves as the Vice President of the Police Union.

8. At all times material hereto BSO's main headquarters were, and continue to be,  located at 2601 West Broward Boulevard, Fort Lauderdale, Florida 33312.

9. At all times relevant hereto, BSO was an "agency" as defined in § 768.28 (2) of the *Florida Statutes*, and conducted and transacted business in Broward County, Florida.

10. Defendant TONY is the Sheriff of Broward County, having been duly elected. TONY is otherwise *sui juris.*

11. As Sheriff, TONY has the authority to, and has at times material to the allegations herein, delegate final decision-making authority to one or more of his subordinates.

3

12. Acting in his official capacity as Sheriff, and for the benefit of BSO, the actions and omissions of TONY, or those persons to whom he has designated final decision-making authority, are one and the same as those of BSO.

13. Since January 2019, Defendant TONY has remained the final policymaker responsible for all operational and investigative policies, training and supervision, practices, customs, and orders of BSO.

14. When acting in his official capacity for the benefit of BSO, the policies, determinations, actions and/or practices of TONY, or those persons to whom he has designated final decision-making authority, constitute official BSO policy.

15. Irrespective of any delegation of duties, at all times material hereto, where TONY was acting on behalf of BSO and in the course and scope of his employment, he was responsible for ensuring that the deputies, employees, servants, and agents of BSO obeyed the laws of the State of Florida and the United States.

16. Defendant TONY is sued in both his official capacity as the chief executive of BSO, and individually for acts and omissions taken outside the scope of his discretionary duties which were solely for his own personal benefit and not for the benefit of BSO.

17.  At all times material hereto, the Defendant HALE was a citizen of the United States, a resident of Broward County, Florida, working in Broward County for BSO as a Captain with supervisory authority, and is otherwise *sui juris*.

18. At all times material hereto, the Defendant COLDWELL was a citizen of the United States, a resident of Broward County, Florida, working in Broward County as an Internal Affairs ("IA") Investigator for BSO with supervisory authority, and is otherwise *sui juris*.

19. The Broward Sheriff's Office, through its agents and employees, and TONY, HALE, and

4

COLDWELL, individually engaged in unlawful acts, including depriving Plaintiff of the rights secured to him by both Florida Statute and the United States Constitution, which resulted in such damages as loss of reputation and good name, and financial and emotional harm.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

20. LaCerra has fulfilled all conditions precedent to the institution of this action by timely presenting his claims in writing to the Broward Sheriff's Office and the Florida Department of Financial Services as delineated in § 768.28(6)(a) of the *Florida Statutes*. A true and correct copy of this letter is attached hereto as "Exhibit A.[1]"

## STATEMENT OF FACTS

21. Plaintiff has been employed by the Broward Sheriff's Office for twenty-four (24) years and has been at the rank of Sergeant since 2016. Plaintiff had an exemplary employment record and is an outstanding employee.

22. On April 18, 2019, BSO Sergeant Gregory LaCerra, CCN 11331 and BSO Detective Christopher Krickovich, CCN 16827 (collectively referenced as "the Deputies"), were involved in the arrest of a juvenile in the Tamarac Town Square Plaza, located at or about 8200 N. Pine Island Road, Tamarac, Florida.

23. The Deputies were responding to this parking lot, as they had a myriad of times in the past (over one hundred fifty (150) times in less than two years), due to a large crowd of students gathering in the area fighting and causing damage to vehicles.

24. Upon arrival, Detective Krickovich immediately activated his Body Worn Camera ("BWC"), and several recordings of the incident were captured on other BWC and cellular phones from others in

---

[1] The Claims letter also includes acts committed against Deputy Krickovich, but those claims were settled as to Krickovich, BSO, its employees, and Sheriff Tony personally prior to the commencement of this litigation.

attendance.

25. An altercation was occurring, and there were over a hundred (100) students/attendees crowding in the parking lot.

26. While LaCerra and Krickovich were arresting a juvenile, the crowd surrounded them.

27. A juvenile assaulted LaCerra as the crowd converged, and LaCerra deployed his pepper spray. During the arrest of that juvenile, Detective Krickovich used ground control techniques and distraction strikes as he was taught in BSO training to control the Juvenile's attempts to resist being handcuffed.

28. The Juvenile's head did contact the pavement during the arrest by Krickovich, but he was not injured.

29. The incident was recorded by several onlookers and on the officers' BWC. As a result, portions of the event were revealed on social media and the evening news.

30. On or about April 19, 2019, BSO use of force expert Sgt. Melvin Murphy, who is also the lead trainer in defensive tactics, use of force, and de-escalation tactics, was called in to meet with the Sheriff, his command staff, the IA Lieutenant Lindquist, a Public Information Officer, and BSO lawyers regarding the use of force at the Plaza on April 18, 2019. Sgt. Murphy walked everyone through the video of what transpired, and he explained his opinion as to how LaCerra and Krickovich's use of force was completely consistent with the Sheriff's Policy Manual and the training that BSO provides its Deputies. No one present indicated a contrary opinion.

31. Under oath, Sgt. Murphy explained that "Greg did what he was trained to do. Took him to the ground."

32. After the meeting, Col. Holmes and Col. Russo called retired Captain Glassman, who had been "in charge" of the Tamarac District when the incident happened. During separate phone calls, each told Captain Glassman that there was no violation of policy and that the Deputies involved had nothing to worry about; it was a proper use of force.

33. The next day, on April 19, 2019, BSO opened an IA Investigation into both LaCerra and Krickovich and placed them on restricted duty. Krickovich was notified first, and LaCerra accompanied him to BSO Headquarters.

34. Upon their arrival, LaCerra and Krickovich were met by Major Russo, who walked them into IA. Major Russo told the Deputies that command staff, including the Sheriff and Sergeant Mel Murphy, who is BSO's lead defensive tactics trainer and use of force expert, reviewed all the videos and reports, and had no concern with the force they used.

35. Sgt. Murphy remains, to this day, an integral part of the BSO Training Division.

36. Major Russo also espoused that the Deputies did exactly what they were trained to do, and that they were being placed on restricted duty for their safety because the case was all over the media and BSO was receiving threats regarding the Deputies involved.

37. Major Russo then walked with the Deputies towards the back door, where she once again told the Deputies that they did a great job, and that BSO command was behind them.

38. She concluded by stating that everyone who watched the video, including the Sheriff, thought the pepper spray was used as it was intended.

39. That same day, April 19, 2019, at the insistence and instigation of TONY, HALE, and COLDWELL, the Broward County State Attorney's Office ("SAO") opened an official criminal investigation into Detective Krickovich and Sergeant LaCerra.

40. On April 21, 2019, Colonel Holmes called Sgt. LaCerra and left him a voice message in which he assures LaCerra that he "did nothing wrong," among other statements. *See communications attached hereto as "Exhibit B."*

41. On April 23, 2019, LaCerra  was called and informed he had been suspended with pay.

42. On April 27, 2019, someone posted the Deputies' home addresses on social media, and the

7

Deputies and their families had to be placed under police security/surveillance for weeks; over one hundred (100) threats against the Deputies were investigated.

43. On May 8, 2019, while the SAO criminal investigation was ongoing, Sergeant Mel Murphy, BSO's head of training and use of force expert, gave a sworn statement to IA, opining that the Deputies did nothing wrong and further stating that the Deputies did exactly what they were trained to do.

44. On May 21, 2019, Colonel Holmes sent a text message to LaCerra stating: "Hang in there my friend! There's a lot of us on your side. Please let me know if I can do anything for you as you are well respected by your peers." *See Exhibit B.*

45. This incident immediately became the subject of nationwide reports in the media, posts on social media, and fodder for the "talking heads" due to the political climate.

46. On June 25, 2019, Nationally recognized Civil Rights Attorney Benjamin Crump, various elected officials, and members of the NAACP, the juvenile, who was now publicly identified as Delucca Rolle, and his mother held a press conference at the Broward County Public Defender's Office. During that press conference, Attorney Crump warned that if the Deputies, LaCerra and Krickovich, were not charged by July 4th, he would be back to hold a rally.

47. The Deputies were criminally charged on July 3, 2019, and suspended from their jobs at BSO without pay. LaCerra was charged with two counts of Battery, Falsification of Records, and Conspiracy to Falsify Records.

48. On July 8, 2019, Colonel Holmes called LaCerra and left a voicemail that provided, in part: "I just want you to know I'm in your corner always. You did the right thing. Don't let anyone tell you didn't. The system failed you. Stay strong and pray hard, we are going to beat this. We are going to fix this wrong. I'm in your corner 100%."

Tonja Haddad, P.A. • 315 SE 7th Street, Fort Lauderdale, FL 33301• 954.467.1223

49. In an unprecedented move and contrary to standard BSO protocol and practice, the Internal Affairs investigation into Plaintiff continued even though there was an ongoing criminal investigation. IA Investigator Sgt. COLDWELL proceeded with the case and sent it to the Professional Standards Committee ("PSC"), without LaCerra's Garrity statement or, notably, without a statement from the alleged victim.

50. On September 13, 2019, the PSC Board, which consists of both members of the public and top-level sworn law enforcement officers, reviewed LaCerra's IA case and recommended **EXONERATION** on all counts, except LaCerra had a Body Worn Camera violation sustained because there was a delay on his BWC activation at the scene.

51. On September 27, 2019, LaCerra was placed back on restricted duty; over two months after being suspended without pay.

52. On the same day LaCerra received an email from BSO advising him that the BSO Executive Command, largely influenced by HALE and TONY, chose to ignore LaCerra's Use of Force EXONERATION, changed the finding to SUSTAINED, and recommended that LaCerra be given a three-day suspension without pay.

53. On the same day, Krickovich was notified by BSO that the BSO Executive Command also changed his Use of Force EXONERATION to SUSTAINED and recommended he be terminated.

54. During this time, Sheriff TONY was running his election campaign.

55. On December 12, 2019, retired Captain Neil Glassman sent the following text message to Colonel Holmes:

> Glassman: I remember the day after the incident you and Aimee (Major Russo) both telling me that the Tamarac guys will be fine, what a disgrace.
> Holmes: Hey, politics prevailed in this one. He'll get his job back and everyone knows that.
> Glassman: It's so wrong, this ass clown (referring to TONY) needs to go.
> Holmes: Yeah, crazy stuff! You're lucky that you don't have to deal with it daily.

9

I hope all is well though.
Glassman: Yes, happy I'm gone.

56. On January 7, 2020, Colonel HALE issued LaCerra's final disposition with a recommendation of three- day suspension without pay and closed the IA case against LaCerra. LaCerra remained on restricted duty until June 22, 2022.

57. On June 15, 2020, Sheriff TONY released his first video advertisement for his election campaign, which featured the video at issue in the open criminal cases against LaCerra and Krickovich. *See https://www.youtube.com/watch?v=qYrl8WGp74w; "Accountable: I fired the bad cops;" https://www.sun-sentinel.com/2020/06/15/i-fired-the-bad-cops-sheriff-gregory-TONY-showcases-deputy-terminations-in-first-campaign-ad*.

58. On June 16, 2020, Defense Counsel for LaCerra and Krickovich sent a letter to Sheriff TONY, explaining the impropriety of his use of the case in a personal advertisement seeking election, providing, in relevant part, that "as a politician, you have the ability to weaponize these events in an effort to aid your reelection efforts. Notwithstanding the politics of this situation, though, because of your position as Sheriff of Broward County, you have a legal obligation to follow the law, including to protect the Due Process of rights of all citizens above your political ends." A copy of the letter is attached hereto as "Exhibit C." The advertisement continued to play.

59. On October 16, 2020, LaCerra's two criminal Battery charges were dismissed by the presiding Broward County Judge.

60. On March 18, 2022, the Fourth District Court of Appeal affirmed the trial court's dismissal of LaCerra's two Battery charges.

61. On June 16, 2022, the SAO dismissed the Falsification of Records and Conspiracy to Falsify Records charges against both Deputies, after a heated exchange over a sworn motion to dismiss and demurrer filed in response thereto.

10

62. On June 22, 2022, IA returned LaCerra to full duty status.

63. On December 13, 2022, LaCerra's three-day suspension instituted by TONY in December 2019 (overturning the PSC exoneration) and confirmed by HALE in January 2020 was heard by the Administrative Appeals Board, which entered a finding of NOT SUSTAINED on the use of force violation; over three years after the original EXONERATION.[2]

## COUNT I- TONY
## 42 U.S.C. § 1983 – MALICIOUS PROSECUTION

64. Plaintiff re-alleges and re-avers Paragraphs 1-16, 20-63 of this Complaint, including exhibits, as if fully set forth herein.

65. TONY, individually and in furtherance of his own personal political aspirations, consciously engaged in acts that deprived the Plaintiff of his constitutional rights in violation of the Fourth Amendment to the *United States Constitution*, as enforced through 42 U.S.C. § 1983.

66. TONY, individually and in furtherance of his own personal political aspirations, presented false and fabricated evidence to further the commencement and continuation of criminal proceedings against Plaintiff.

67. TONY, individually, and HALE and COLDWELL, along with officials of the Broward County State Attorney's Office, worked in tandem and conspired to convict Plaintiff of a crime they knew he did not commit.

68. At TONY'S direction, insistence, and compulsion, misusing his supervisory position in BSO,

---

[2] Krickovich's termination case went to arbitration, at which the Arbitrator made the following finding: "In this case, BSO departed from decades of prior practice of tolling the internal affairs investigation during a pending criminal proceeding - as Fla. Stat. §112.532 allows an agency to do." He went on: "As Col. HALE testified, solely because the Sheriff felt that the State Attorney's office 'beat him to the punch,' the Sheriff decided to upend decades of prior practice and deprive Detective Krickovich of the genuine opportunity to participate in the process that is afforded to under the Florida Law Enforcement Officers Bill of Rights (Fla. Stat. §§ 112.531, et seq.), which is incorporated by reference into the parties' Collective Bargaining Agreement at Article 32."

Tonja Haddad, P.A. • 315 SE 7th Street, Fort Lauderdale, FL 33301• 954.467.1223

commenced and continued the criminal prosecution against the Plaintiff.

69. TONY'S commencement and continuation of the criminal prosecution against the Plaintiff was the legal cause of the criminal proceedings.

70. All criminal charges against Plaintiff were dismissed, constituting a bona fide termination of the proceedings in Plaintiff's favor.

71. At all times material hereto, there was a complete and total absence of probable cause for the commencement of criminal proceedings against Plaintiff.

72. At all times material hereto, TONY acted with malice when he commenced and continued the criminal prosecution against the Plaintiff.

73. As a direct and proximate cause of the malicious prosecution of Plaintiff by TONY, Plaintiff has incurred damages for deprivation of his rights, liberty, personal indignity, dishonor, embarrassment, humiliation, damage to his professional and personal reputation, lost wages and employment benefits, mental anguish and/or distress, and for payment of attorney's fee to defend himself against prosecution. These losses are continuing into the future.

WHEREFORE, the Plaintiff demands judgment against Defendant, TONY and requests the following: a declaratory judgment that the Defendant's conduct violated the Constitutional rights of the Plaintiff, as enforced through 42 U.S.C. § 1983; an award of compensatory damages, an award of 42 U.S.C. §1988 attorney's fees and costs; and such additional or alternative relief as the court may deem just and proper. Plaintiff reserves the right to amend the claims against TONY to add acclaim for punitive damages.

## COUNT II- HALE
## 42 U.S.C. § 1983 – MALICIOUS PROSECUTION

74. Plaintiff re-alleges and re-avers Paragraphs 1-9, 17, 19-63 of this Complaint, including exhibits, as if

fully set forth herein.

75. HALE, a glorified, self-proclaimed crony of TONY, individually and in furtherance of his own career, consciously engaged in acts that deprived the Plaintiff of his constitutional rights in violation of the Fourth Amendment to the *United States Constitution*, as enforced through 42 U.S.C. § 1983.

76. HALE, individually and in furtherance of his own personal aspirations, presented false and fabricated evidence to further the continuation of criminal proceedings against Plaintiff.

77. HALE, TONY, individually, COLDWELL, along with the Broward County State Attorney's Office, worked in tandem and conspired to convict Plaintiff of a crime they knew he did not commit.

78. At HALE'S direction, insistence, and compulsion, he, as a member of the BSO command staff, misusing his supervisory position in BSO, commenced and continued the criminal prosecution against the Plaintiff.

79. HALE'S commencement and continuation of the criminal prosecution against the Plaintiff was the legal cause of the criminal proceedings.

80. All criminal charges against Plaintiff were dismissed, constituting a bona fide termination of the proceedings in Plaintiff's favor.

81. At all times material hereto, there was a complete and total absence of probable cause for the commencement of criminal proceedings against Plaintiff.

82.  At all times material hereto, HALE acted with malice when he commenced and continued the criminal prosecution against the Plaintiff.

83. As a direct and proximate cause of the malicious prosecution of Plaintiff by HALE, Plaintiff has incurred damages for deprivation of his rights, liberty, personal indignity, dishonor, embarrassment, humiliation, damage to his professional and personal reputation, lost wages and employment benefits, mental anguish and/or distress, and for payment of attorney's fee to defend himself against

prosecution. These losses are continuing into the future.

WHEREFORE, the Plaintiff demands judgment against Defendant, HALE and requests the following: a declaratory judgment that the Defendant's conduct violated the Constitutional rights of the Plaintiff, as enforced through 42 U.S.C. § 1983; an award of compensatory damages, an award of 42 U.S.C. §1988 attorney's fees and costs; and such additional or alternative relief as the court may deem just and proper. Plaintiff reserves the right to amend the claims against TONY to add acclaim for punitive damages.

## COUNT III- COLDWELL
## 42 U.S.C. § 1983 – MALICIOUS PROSECUTION

84. Plaintiff re-alleges and re-avers paragraphs 1-9, 16, 18-63 of this Complaint, including exhibits, as if fully set forth herein.

85. COLDWELL, a glorified, self-proclaimed crony of TONY, individually and in furtherance of his own career, consciously engaged in acts that deprived the Plaintiff of his constitutional rights in violation of the Fourth Amendment to the *United States Constitution*, as enforced through 42 U.S.C. § 1983.

86. COLDWELL, individually and in furtherance of his own personal aspirations, presented false and fabricated evidence to further the continuation of criminal proceedings against Plaintiff.

87. COLDWELL, HALE, TONY, individually, along with officials of the Broward County State Attorney's Office, worked in tandem and conspired to convict Plaintiff of a crime they knew he did not commit.

88. At COLDWELL'S direction, insistence, and compulsion, he, as a BSO supervisor and IA Investigator, misusing his supervisory position in BSO, commenced and continued the criminal prosecution against the Plaintiff.

14

89. COLDWELL'S commencement and continuation of the criminal prosecution against the Plaintiff was the legal cause of the criminal proceedings.

90. All criminal charges against Plaintiff were dismissed, constituting a bona fide termination of the proceedings in Plaintiff's favor.

91. At all times material hereto, there was a complete and total absence of probable cause for the commencement of criminal proceedings against Plaintiff.

92.  At all times material hereto, COLDWELL acted with malice when he commenced and continued the criminal prosecution against the Plaintiff.

93. As a direct and proximate cause of the malicious prosecution of Plaintiff by COLDWELL, Plaintiff has incurred damages for deprivation of his rights, liberty, personal indignity, dishonor, embarrassment, humiliation, damage to his professional and personal reputation, lost wages and employment benefits, mental anguish and/or distress, and for payment of attorney's fee to defend himself against prosecution. These losses are continuing into the future.

> WHEREFORE, the Plaintiff demands judgment against Defendant, COLDWELL and requests the following: a declaratory judgment that the Defendant's conduct violated the Constitutional rights of the Plaintiff, as enforced through 42 U.S.C. § 1983; an award of compensatory damages, an award of 42 U.S.C. §1988 attorney's fees and costs; and such additional or alternative relief as the court may deem just and proper. Plaintiff reserves the right to amend the claims against TONY to add acclaim for punitive damages.

## COUNT IV – AGAINST TONY, HALE, COLDWELL
## 42 U.S.C. § 1983 –CIVIL CONSPIRACY

94. Plaintiff re-alleges and re-avers Paragraphs 1 through 63 of this Complaint, including exhibits, as if fully set forth herein.

Tonja Haddad, P.A. • 315 SE 7th Street, Fort Lauderdale, FL 33301• 954.467.1223

95. COLDWELL, HALE, and TONY, individually, together, conspired to and consciously engaged in acts that deprived the Plaintiff of his constitutional rights in violation of the Fourth Amendment to the *United States Constitution*, as enforced through 42 U.S.C. § 1983.

96. COLDWELL, HALE, and TONY, individually, reached an understanding that in order to protect the political career of TONY, and in an effort to ensure his re-election, denied Plaintiff of his Fourth Amendment constitutional rights.

97. Immediately following the arrest and use of force by Plaintiff, as described herein, involving Plaintiff and another deputy, COLDWELL, HALE, and TONY immediately investigated the use of force, obtained an expert opinion that the force was lawful, and along with all other relevant supervisors, concluded that Plaintiff had done nothing wrong and that the force used was lawful and proper.

98. However, things changed on June 25, 2019, when nationally recognized Civil Rights Attorney Benjamin Crump, various elected officials, members of the NAACP, Delucca Rolle, and his mother held a press conference at the Broward County Public Defender's Office and warned TONY that if the deputies, Plaintiff LaCerra and Krickovich, were not charged by July 4th, that Crump would be back to hold a rally.

99. Knowing that TONY'S re-election campaign could ill-afford any negative publicity, COLDWELL, HALE, and TONY, along with other unidentified TONY cronies at BSO, in a conspired effort to provide TONY with political cover, met and agreed that despite Plaintiff having done nothing wrong, together they had a concerted meeting of the minds, which was to violate Plaintiff's constitutional rights and commence and continue a criminal prosecution against the Plaintiff, all of which was the legal cause of the criminal proceedings being filed.

100. Thereafter, COLDWELL, HALE, TONY, individually, along with officials of the Broward County State Attorney's Office, using false and fabricated evidence, worked in tandem and conspired to

Tonja Haddad, P.A. • 315 SE 7th Street, Fort Lauderdale, FL 33301• 954.467.1223

convict Plaintiff of a crime they knew he did not commit.

101. Despite maintaining Plaintiff's innocence from the outset, TONY, released his first of many video advertisements for his election campaign, which featured the video at issue in the open criminal cases against LaCerra and Krickovich. *See https://www.youtube.com/watch?v=qYrl8WGp74w;* "*Accountable: I fired the bad cops;*" *https://www.sun-sentinel.com/2020/06/15/i-fired-the-bad-cops-sheriff-gregory-TONY-showcases-deputy-terminations-in-first-campaign-ad*.

102. As a direct and proximate cause of the civil conspiracy by COLDWELL, HALE, and TONY to violate Plaintiff's rights, Plaintiff has incurred damages for deprivation of his rights, liberty, personal indignity, dishonor, embarrassment, humiliation, damage to his professional and personal reputation, lost wages and employment benefits, mental anguish and/or distress, and for payment of attorney's fee to defend himself against prosecution. These losses are continuing into the future.

WHEREFORE, the Plaintiff demands judgment against Defendants, COLDWELL, HALE, and TONY and requests the following: a declaratory judgment that the Defendant's conspired to violate the Constitutional rights of the Plaintiff, as enforced through 42 U.S.C. § 1983; an award of compensatory damages, an award of 42 U.S.C. §1988 attorney's fees and costs; and such additional or alternative relief as the court may deem just and proper. Plaintiff reserves the right to amend the claims against TONY to add acclaim for punitive damages.

### COUNT V
### LIABILITY UNDER § 768.28 OF THE *FLORIDA STATUTES*
### (DEFENDANT BSO)

103. Plaintiff re-alleges and re-avers Paragraphs 1-9, 19-63 of this Complaint, including exhibits, as if fully set forth herein.

104. Subject to certain statutory limitations, the Defendant BSO is liable for the negligent or wrongful

acts of its employees while acting within the scope of their office or employment to the same extent as a private employer.

105. One statutory limitation on imposing liability on the Defendant BSO is that it "shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting willful and wanton disregard of human rights, safety, or property."

106. At all times material hereto, Defendants, HALE and COLDWELL, within the scope of their employment with Defendant BSO, and acting under color of state law, instigated the unlawful arrest of the Plaintiff.

107. The wrongful actions and wrongful omissions of Defendants, HALE and COLDWELL, resulting in Plaintiff's unlawful arrest breached a duty of care owed to the Plaintiff, and resulted in injuries and damages, both professionally and personally in the form of loss of liberty and property, including lost wages and benefits, continuing loss of financial opportunity and career, humiliation, mental anguish, loss of good name and reputation and/or employment.

108. Accordingly, statutory liability ought to be imposed on BSO for the wrongful actions and wrongful omissions of Defendants, HALE, and COLDWELL in instigating the arrest of the Plaintiff.

109. As a direct and proximate cause of the wrongful acts and omissions of COLDWELL, HALE, to instigate Plaintiff's arrest and violate Plaintiff's rights, Plaintiff has incurred damages for deprivation of his rights, liberty, personal indignity, dishonor, embarrassment, humiliation, damage to his professional and personal reputation, lost wages and employment benefits, and mental anguish. These losses are continuing into the future.

WHEREFORE, the Plaintiff demands judgment against Defendant, BSO and requests the following: a declaratory judgment that the Defendant's conduct violated the Florida's tort laws for

Tonja Haddad, P.A. • 315 SE 7th Street, Fort Lauderdale, FL 33301• 954.467.1223

which BSO has waived immunity under § 768.28, *Fla. Stat.*, an award of compensatory damages, and such additional or alternative relief as the court may deem just and proper.

## <u>COUNT VI - AGAINST TONY, HALE, COLDWELL</u><br><u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

110. Plaintiff re-alleges and re-avers Paragraphs 1 through 63 of this Complaint, including exhibits, as if fully set forth herein.

111. At all times material hereto, Defendants HALE, COLDWELL, and TONY, individually, knew that there existed no reasonable belief that Plaintiff had committed any criminal offense, and that he had not engaged in any activity that might subject him to administrative disciplinary proceedings of any kind.

112. In fact, TONY sought the opinion of his own internal BSO expert on use of force and after reviewing all the video and all the evidence, TONY was given the expert opinion that Plaintiff had used only reasonable and necessary force, violated no BSO policy, and certainly violated no law.

113. Nevertheless, these Defendants recklessly and purposely, and with the intent to harm Plaintiff to their own advantage and benefit, ignored this knowledge, choosing instead to continue commencing and continuing criminal charges as grounds to justify these Defendants' reprehensible actions.

114. These Defendants were even aware of Plaintiff's severe suffering, yet nonetheless purposely ignored the damage they were causing. These Defendants corruptly used their apparent authority to withhold information of the Plaintiff's innocence, continued to pursue a criminal investigation knowing no crime was committed, and knowingly and purposely fabricating violations of the law and BSO policy violations, all for their own personal benefit.

115. At all times material hereto these Defendants maintained direction and control of the unlawful criminal prosecution of which Plaintiff, purposefully and maliciously pushing it forward.

116. These Defendants actions and intentions were outrageous, malicious, and self-serving, intended to

Tonja Haddad, P.A. • 315 SE 7th Street, Fort Lauderdale, FL 33301• 954.467.1223

inflict emotional distress upon Plaintiff, in an effort to avoid the scrutiny of these Defendants own blundering ineptitude and leadership failures.

117. These Defendants were attempting to bolster TONY'S political ambitions, and to curry favor with the community, at the expense of Plaintiff's freedom and liberty, causing false accusations to be accepted as credible, and which resulted in a years-long investigation that led nowhere at every turn for over two years.

118. As a direct and proximate cause of Defendant's COLDWELL, HALE, and TONY'S intentional infliction of emotional distress upon the Plaintiff, Plaintiff has incurred damages for deprivation of his rights, liberty, personal indignity, dishonor, embarrassment, humiliation, damage to his professional and personal reputation, lost wages and employment benefits, and grave mental anguish and/or distress These losses are continuing into the future.

WHEREFORE, the Plaintiff demands judgment against Defendants, COLDWELL, HALE, and TONY and requests the following: a declaratory judgment that the Defendants intentionally inflicted emotional distress upon the Plaintiff, an award of compensatory damages, and such additional or alternative relief as the court may deem just and proper. Plaintiff reserves the right to amend the claims against TONY to add a claim for punitive damages.

## COUNT VII - DEFAMATION PER SE
### (GREGORY TONY)

119. Plaintiff re-alleges and re-avers Paragraphs 1-16, 19-63 of this Complaint, including exhibits, as if fully set forth herein.

120. At all times material hereto, TONY, with reckless disregard for the truth, falsely acting under apparent authority with BSO, published to several parties, including but not limited to: the media; other employees of BSO; and the community in general, false statements in which he accused Plaintiff of four crimes: two counts of Battery and two counts of falsifying reports. TONY not only

20

did so with reckless disregard for the truth of these statements, but also after knowing that even after a cursory inquiry into the allegations it was determined that these statements were false.

121. TONY published the defamatory matter with actual malice and with wrongful and willful intent to injure Plaintiff.

122. TONY failed to substantiate any of the published allegations made against Plaintiff prior to his publishing of same. This resulted in TONY'S repetitive publishing of the false accusation that Plaintiff was involved in committing the crime of battery and falsifying records.

123. The false accusations were completely unfounded, which was determined three (3) different times; once- nearly immediately- by BSO's own Use of Force expert, a second time by BSO's own Public Safety Commission, and finally by the Court.

124. Even after that, TONY repeatedly made false accusations accusing Plaintiff of a crime that has not, and cannot be, substantiated because it never took place, thereby defaming Plaintiff's reputation.

125. TONY did so without even considering the findings of its own Use of Force expert and head of training - the foundational questions relating to an investigation.

126. The false statements were brazenly put out there by TONY and remain in the public domain today, with no remedy available to Plaintiff but to commence this lawsuit.

127. TONY'S accusations and allegations injuriously affected the profession, business, and employment of Plaintiff by subjecting him to hatred, distrust, ridicule, and disgrace in his profession as a sworn police officer, and imputing to him a want of character and fitness for engaging in his duties, and further falsely accused him of committing violent and fraudulent crimes involving dishonesty; and as such are actionable *per se*.

128. TONY'S primary purpose in making these statements was to indulge ill will, hostility, and intent to harm Plaintiff.

129. Notwithstanding TONY'S comprehensive and repetitive attempts to prove otherwise, the statements published have been proven to be false, and were known to TONY, at the time, to be false.

130. As a direct and proximate result of TONY'S defamatory, false and malicious actions and statements, Plaintiff has been damaged and defamed and has been held in ridicule and disgrace; was caused to suffer immeasurable embarrassment, humiliation, and outrage; was forced to endure questions concerning the subject matter of the defamations by friends, family, colleagues and complete strangers due to the publicity and outrageousness of the defamations; was burdened by worry and concern, especially for his family who was threatened; suffered damage to both his reputation and name; and suffered mental anguish, emotional stress and upset, and was otherwise hurt, injured and damaged.

131. As a direct and proximate result of TONY'S defamatory, false, and malicious actions and statements, Plaintiff has suffered personal indignity, dishonor, humiliation, damage to his professional and personal reputation, mental anguish and distress, and lost wages and other lost employment benefits.

WHEREFORE, the Plaintiff demands judgment against Defendant, TONY, individually, and requests the following: a declaratory judgment that the Defendant TONY defamed the Plaintiff, an award of compensatory damages, court costs, and such additional or alternative relief as the court may deem just and proper. Plaintiff reserves the right to amend the claims against TONY to add a claim for punitive damages.

## COUNT VIII- AGAINST HALE, COLDWELL, TONY
## MALICIOUS PROSECUTION

132. Plaintiff re-alleges and re-avers Paragraphs 1-63 of this Complaint, including exhibits, as if fully set forth herein.

133. A review of BSO's investigation on the day this event took place demonstrates that there was never

any crime committed by Plaintiff, and BSO knew that from its own expert.

134. However, some three months after BSO's own use of force and training expert cleared Plaintiff, HALE, COLDWELL, AND TONY, individually, knowingly, maliciously, and falsely initiated criminal proceedings against Plaintiff without any probable cause to do so, other than to cave to political rumblings.

135. HALE, COLDWELL, AND TONY, knowing the allegations were false, participated in the investigation and prosecution thereof.

136. HALE, COLDWELL, AND TONY attempt to prosecute Plaintiff for two counts of a violent crime and two counts involving dishonesty, based solely on false material facts and a complete want of probable cause, constitutes malice and an attempt by HALE, COLDWELL, AND TONY to instigate these proceedings with the wrongful and willful intent to injure Plaintiff.

137. All criminal charges against Plaintiff were dismissed, constituting a bona fide termination of the proceedings in Plaintiff's favor.

138. At all times material hereto, there was a complete and total absence of probable cause for the commencement of criminal proceedings against Plaintiff.

139. As a direct and proximate result of HALE, COLDWELL, AND TONY'S malicious attempt to prosecute Plaintiff, Plaintiff was caused to suffer injuries and damages, both professionally and personally, for personal indignity, dishonor, humiliation, damage to her professional and personal reputation, mental anguish, and distress, and lost wages and other lost employment benefits.

WHEREFORE, the Plaintiff demands judgment against Defendants, HALE, COLDWELL, and TONY, individually, and requests the following: a declaratory judgment that the Defendant against Defendants, HALE, COLDWELL, and TONY, individually, maliciously

Tonja Haddad, P.A. • 315 SE 7th Street, Fort Lauderdale, FL 33301• 954.467.1223

prosecuted the Plaintiff, an award of compensatory damages, court costs, and such additional or alternative relief as the court may deem just and proper. Plaintiff reserves the right to amend the claims against TONY to add a claim for punitive damages.

## COUNT IX - AGAINST TONY, HALE, COLDWELL
## ABUSE OF PROCESS

140. Plaintiff re-alleges and re-avers Paragraphs 1-63 of this Complaint, including exhibits, as if fully set forth herein.

141. Defendants HALE, COLDWELL, and TONY willfully and intentionally made illegal, improper, or perverted use of the criminal justice process by seeking and participating in the false criminal allegations against Plaintiff.

142. Defendants, HALE, COLDWELL, and TONY had ulterior motive and purpose in exercising the process of seeking criminal charges against and participating in the criminal prosecution of Plaintiff; knowing that the claims were false.

143. As a direct and proximate result of HALE, COLDWELL, AND TONY'S malicious attempt to prosecute Plaintiff, Plaintiff was caused to suffer injuries and damages, both professionally and personally, for personal indignity, dishonor, humiliation, damage to her professional and personal reputation, mental anguish, and distress, and lost wages and other lost employment benefits.

WHEREFORE, the Plaintiff demands judgment against Defendants, HALE, COLDWELL, and TONY, individually, and requests the following: a declaratory judgment that Defendants, HALE, COLDWELL, and TONY, individually, abused legal process against the Plaintiff, an award of compensatory damages, court costs, and such additional or alternative relief as the court may deem just and proper. Plaintiff reserves the right to amend the claims against TONY to add a claim for punitive damages.

Tonja Haddad, P.A. • 315 SE 7th Street, Fort Lauderdale, FL 33301• 954.467.1223

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all matters so triable.

Respectfully submitted,

*/s/Tonja Haddad Coleman*               */s/ David A. Frankel*
TONJA HADDAD COLEMAN, Esquire      DAVID A. FRANKEL, Esquire
Fla. Bar No.: 0176737                          Fla. Bar No.   741779
**TONJA HADDAD, PA**                        **LAW OFFICES OF DAVID A. FRANKEL, P.A**.
315 SE 7th Street                                4601 Sheridan Street
Suite 301                                         Suite 212
Fort Lauderdale, Fla. 33301                    Hollywood, FL  33021
(954) 467-1223                                  (954) 683-0300
Tonja@TonjaHaddad.com                       David@BlueLotusLaw.com
Efiling@TonjaHaddad.com                      paralegal@bluelotuslaw.com
                                                eService@BlueLotusLaw.com

# TONJA HADDAD, PA

315 SE 7th Street                                        954.467.1223 telephone
Suite 301                                                954.337.3716 facsimile
Fort Lauderdale, FL 33301                                tonja@tonjahaddad.com

September 11, 2023

**CERTIFIED AND ELECTRONIC MAIL**

Mr. Terrence Lynch, General Counsel
Broward Sheriff's Office                          Hon. Sheriff Gregory Tony
2601 W. Broward Blvd.                             Broward Sheriff's Office
Ft. Lauderdale, FL 33312                          2601 W. Broward Blvd.
                                                  Ft. Lauderdale, FL 33312

Florida Dept. of Financial Services
Division of Risk Management
200 East Gaines Street
Tallahassee, FL 32399-0336

**This correspondence is sent pursuant to § 768.28(6)(a) of the *Florida Statutes*.**

| | |
|---|---|
| Our Clients/Claimants: | Gregory LaCerra, CCN 11331 |
| | Christopher Krickovich, CCN 16827 |
| Address: | exempt by statute (but on file with BSO) |
| Date of Birth: | exempt by statute (but on file with BSO) |
| Soc. Sec. Number: | exempt by statute (but on file with BSO) |
| Date(s) of Incident: | April 19, 2019 – June 22, 2022 (LaCerra); |
| | April 19, 2019 – July 12, 2023 (Krickovich) |
| Location(s) of Incident: | Various locations in Broward County, Florida (and beyond for those on the Internet, social media, print media, or television). |
| Type of Claims: | Deprivation of Civil Rights, Intentional Infliction of Emotional Distress, Abuse of Process, Malicious Prosecution, Defamation, Punitive Damages, Attorney's Fees, and any and all other claims allowable as a result of the below-listed misconduct as permitted by governing State and Federal Law. |

To whom it may concern:

Please be advised that the undersigned firm represents Gregory LaCerra (LaCerra) and Christopher Krickovich (Krickovich), the above-referenced Claimants, for injuries sustained on the above dates at the above-listed locations. This letter is provided as notice pursuant to the requisites delineated in § 768.28(6)(a) of the *Florida Statutes*. It is our contention that the Broward County Sheriff's Office (BSO), Sheriff Gregory Tony, Colonel John Hale, Colonel David Holmes, and approximately two (2) to four (4) additional unknown/unnamed BSO employees have legal responsibility in the above-captioned incident.

EXHIBIT A

All communications and notices regarding this matter should be directed to the Claimants, who are current employees of the BSO, at the address of undersigned counsel provided above.

The undisputed facts are as follows:

On April 18, 2019, BSO Sergeant Gregory LaCerra, CCN 11331 and BSO Detective Christopher Krickovich, CCN 16827 (hereinafter the Deputies unless individually referenced), were involved in the arrest of a juvenile in the Tamarac Town Square Plaza, located at or about 8200 N. Pine Island Road, Tamarac, Florida. The Deputies were responding to this parking lot, as they had a myriad of times in the past (over one hundred fifty (150) times in less than two (2) years), due to a large crowd of students gathering in the area fighting and causing damage to vehicles. Upon arrival, Detective Krickovich immediately activated his Body Worn Camera (BWC), and several recordings of the incident were captured on other BWC and cellular phones from others in attendance. An altercation was occurring, and there were over a hundred students/ attendees crowding in the parking lot. The high school across the street from the location is in Coral Springs, and the Deputies were advised by Coral Springs Police Officers that a large crowd was headed to the location. While LaCerra and Krickovich were arresting a juvenile, the crowd surrounded them. A juvenile assaulted LaCerra as the crowd converged, and LaCerra deployed his pepper spray. During the arrest of that juvenile, Detective Krickovich used ground control techniques and distraction strikes as he was taught in BSO training to control the Juvenile's attempts to resist being handcuffed. The Juvenile's head did contact the pavement during the arrest by Krickovich, but he was not injured. The incident was recorded by several onlookers and on the officers' BWC. As a result, portions of the event were revealed on social media and the evening news.

The next day, on April 19, 2019, BSO opened an Internal Affairs (IA) Investigation into the Deputies and placed them on restricted duty. Krickovich was notified first, and LaCerra accompanied him to BSO Headquarters. Upon their arrival, LaCerra and Krickovich were met by Major Russo, who walked them into IA. Major Russo told the Deputies that command staff, including the Sheriff and Sergeant Mel Murphy, who is BSO's lead defensive tactics trainer and use of force expert, reviewed all the videos and reports, and had no concern with the force they used. She further espoused that the Deputies did exactly what they were trained to do, and that Krickovich was being placed on restricted duty for his safety, because the case was all over the media and BSO was receiving threats regarding the Deputies involved.

After Krickovich was placed on restricted duty, Major Russo walked with the Deputies towards the back door, where she once again told the Deputies that they did a great job, and that BSO command was behind them. She concluded by stating that everyone who watched the video, including the Sheriff, thought the pepper spray was used as it was intended.

A few hours later later, LaCerra received a call from Major Achilarre informing him he was also on restricted duty, and that he should report to BSO Headquarters on April 23, 2019; his

Tonja Haddad, P.A. • 315 SE 7th Street, Suite 301 • Fort Lauderdale, FL 33301 • 954.467.1223

next scheduled workday. Also on April 19, 2019, the Broward County State Attorney's Office (SAO) opened an official investigation into Detective Krickovich and Sergeant LaCerra.

On April 21, 2019, Colonel Holmes called LaCerra and left him a voice message in which he assures LaCerra that he "did nothing wrong," among other statements.

On April 23, 2019 LaCerra reported to BSO headquarters as instructed and was placed on restricted duty. Later that day, he was called and informed he had been suspended with pay.

On April 27, 2019, someone posted the Deputies' home addresses on social media, and the Deputies and their families had to be placed under police security/surveillance for weeks; over one hundred threats were investigated.

On May 8, 2019, while the SAO investigation was ongoing, Sergeant Mel Murphy gave a sworn statement to IA, opining that the Deputies did nothing wrong and the Deputies did exactly what they were trained to do.

On May 21, 2019 Colonel Holmes sent a text message to LaCerra stating: "Hang in there my friend! There's a lot of us on your side. Please let me know if I can do anything for you as you are well respected by your peers."

As explained, this incident immediately became the subject of nationwide reports in the media, posts on social media, and fodder for the "talking heads" due to the political climate. On June 25, 2019, Nationally-recognized Civil Rights Attorney Benjamin Crump, Broward County Public Defender Gordon Weekes, various elected officials, members of the NAACP, the juvenile, who was now publicly identified as Delucca Rolle, and his mother held a press conference at the Broward County Public Defender's Office. During that press conference, Attorney Crump said that if the Deputies were not charged by July 4th, he would be back to hold a rally. The Deputies were criminally charged on July 3, 2019, and suspended from their jobs at BSO without pay. LaCerra and Krickovich were charged with Battery, Falsification of Records, and Conspiracy to Falsify Records.

On July 7 2019, LaCerra ran into ran into Sheriff Tony at a restaurant, who informed LaCerra that he and Krickovich did not do anything wrong and that they were charged by the SAO because of politics. He told LaCerra that he and his command staff watched all the videos and believed the force they used was justified; especially after Sergeant Murphy walked them through the videos of the incident frame by frame.

On July 8, 2019, Colonel Holmes called LaCerra and left a voicemail that provided, in part: "I just want you to know I'm in your corner always. You did the right thing. Don't let anyone tell you didn't. The system failed you. Stay strong and pray hard, we are going to beat this. We are going to fix this wrong. I'm in your corner 100%."

On September 13, 2019, the Professional Standards Committee (PSC) Board, which consists of both members of the public and top-level sworn law enforcement officers, reviewed LaCerra's and Krickovich's IA case and recommended EXONERATION on all counts,

Tonja Haddad, P.A. • 315 SE 7th Street, Suite 301 • Fort Lauderdale, FL 33301 • 954.467.1223

except LaCerra had a BWC violation sustained because there was a delay on his BWC activation.

On September 27, 2019 LaCerra was placed back on restricted duty. On the same day LaCerra received an email from BSO advising him that the BSO Executive Command chose to ignore LaCerra's Use of Force EXONERATION, changed it to SUSTAINED, and recommend that he be given a three-day suspension without pay. On the same day, Krickovich was notified by BSO that the BSO Executive Command also changed his Use of Force EXONERATION to SUSTAINED and recommended he be terminated.

On December 10, 2019, BSO terminated Krickovich, and the next day, Sheriff Tony held a press conference to discuss Krickovich's termination. It is noteworthy that Sheriff Tony was running his election campaign at this time.

On December 12, 2019 retired Captain Neil Glassman sent a text message to Colonel Holmes:

> Glassman: I remember the day after the incident you and Aimee (Major Russo) both telling me that the Tamarac guys will be fine, what a disgrace.
> Holmes: Hey, politics prevailed in this one. He'll get his job back and everyone knows that.
> Glassman: It's so wrong, this ass clown needs to go.
> Holmes: Yeah, crazy stuff! You're lucky that you don't have to deal with it daily. I hope all is well though.
> Glassman: Yes, happy I'm gone.

On January 7, 2020, Colonel Hale issued LaCerra's final disposition with a recommendation of three (3) days suspension without pay and closed the IA case against LaCerra. LaCerra remained on restricted duty until June 22, 2022.

On June 15, 2020, Sheriff Tony released his first video advertisement for his election campaign, which featured the video at issue in the open criminal cases against LaCerra and Krickovich. *See https://www.youtube.com/watch?v=qYrl8WGp74w; "Accountable: I fired the bad cops;" https://www.sun-sentinel.com/2020/06/15/i-fired-the-bad-cops-sheriff-gregory-tony-showcases-deputy-terminations-in-first-campaign-ad.*

On October 16, 2020, LaCerra's two Battery charges were dismissed by the Judge.

On March 18, 2022, the Fourth District Court of Appeal affirmed the dismissal of LaCerra's two Battery charges.

On April 12, 2022, Krickovich encountered Colonel Hale at a restaurant. Hale apologized to Krickovich and told him that he should have never been fired and it was purely political. He also told Krickovich he would be getting his job back.

On June 16, 2022, the SAO dismissed the Falsification of Records and Conspiracy to Falsify Records charges against both Deputies.

On June 22, 2022, IA returned LaCerra to full duty status.

July 20-25, 2022, Krickovich's Battery charges proceeded to trial, and he was acquitted.

On December 13, 2022, LaCerra's three-day suspension instituted by Tony in December 2019 (overturning the PSC exoneration) and confirmed by Hale in January 2020 was heard by the Administrative Appeals Board, which entered a finding of NOT SUSTAINED on the use of force violation; over three years after the original EXONERATION.

March 22-24, 2023, Krickovich's arbitration regarding his termination is held.

On July 6, 2023, the Arbitrator issued his award regarding Krickovich, finding that "if ever there was a case where a Deputy was wrongfully terminated without just cause, it is this case." He also made several findings, including that "[i]n essence, there must be due process. In this case, BSO departed from decades of prior practice of tolling the internal affairs investigation during a pending criminal proceeding - as Fla. Stat. §112.532 allows an agency to do." He went on: "As Col. Hale testified, solely because the Sheriff felt that the State Attorney's office 'beat him to the punch,' the Sheriff decided to upend decades of prior practice and deprive Detective Krickovich of the genuine opportunity to participate in the process that is afforded to under the Florida Law Enforcement Officers Bill of Rights (Fla. Stat. §§ 112.531, et seq.), which is incorporated by reference into the parties' Collective Bargaining Agreement at Article 32."

Krickovich was restored to full duty on July 12, 2023.

As a result of the foregoing occurrences, the Claimants incurred injuries and damages, both professional and personal, for which this claim is now made. The Claimants' injuries were proximately caused by wrongful acts committed by BSO and employees of BSO while acting within the course and scope of their employment.

Sincerely,
TONJA HADDAD, PA

*Tonja Haddad Coleman*

Tonja Haddad Coleman,
Esq.  for the firm

cc:   Sergeant Gregory LaCerra
      Detective Christopher Krickovich

5

I remember the day after the incident you and aimee both telling me that the Tamarac guys will be fine, what a disgrace

9:50 AM



Hey, politics prevailed in this one. He'll get his job back and every one knows that.

10:18 AM

It's so wrong, this ass clown needs to go

10:19 AM



Yeah, crazy stuff! You're lucky that you don't have to deal with it daily. I hope all is well though.

11:19 AM

EXHIBIT B

Yes, happy I'm gon

11:20 AM

**iMessage**
Today 10:30 AM

Hang in there my friend! There's a lot of us on your side. Please let me know if I can do anything for you as you are well respected by your peers🙏🏽

Thank you

Read 10:33 AM

EXHIBIT B

LAW OFFICES OF
# DUTKO & KROLL, P.A.

MICHAEL E. DUTKO, SR.
CELL: (954) 205-3169
michael@dutkoandkroll.com

JEREMY J. KROLL
CELL: (954) 205-8122
jeremy@dutkoandkroll.com

600 SOUTH ANDREWS AVENUE
SUITE 500
FORT LAUDERDALE, FL 33301
TELEPHONE: (954) 595-3900
FAX: (954) 764-5040

Sheriff Gregory Tony
Broward Sheriff's Office,
2601 West Broward Boulevard
Fort Lauderdale, Fl 33301
Sent via email to: Gregory_Tony@sheriff.org

June 16, 2020

Sheriff Tony:

The undersigned attorneys respectively represent Christopher Krickovich, Kevin Fanti, and
Gregory Lacerra, who are either former or present law enforcement officers with the
Broward Sheriff's Office. These individuals all have active cases in Broward County Court.
We are aware that our positions on these cases are not aligned with yours, but hope to
reach out to you in a collegial and professional manner to resolve an important pending
issue.

Yesterday, on June 15, 2020, an advertisement for your campaign for election as the Sheriff
of Broward County was disseminated. This advertisement is consistent with your recent
communications about these officers to the Broward County Commission, in more pure
political settings like the Jimmy Cefalo radio show and publishes video from the incidents
for which these individuals are presently in court. The advertisement contains commentary
from you that you fired "bad cops."

No doubt, as a politician, you have the ability to weaponize these events in an effort to aid
your reelection efforts. Notwithstanding the politics of this situation, though, because of
your position as Sheriff of Broward County, you have a legal obligation to follow the law,
including to protect the Due Process of rights of all citizens above your political ends. Each
of these respective individuals, under the laws each of us has sworn to uphold, is entitled to
the presumption of innocence and a fair trial under our Constitution. Every citizen- including
an accused police officer- is entitled to those rights. We may be in disagreement about the

EXHIBIT C

merits of these cases, but there can be no disagreement that every citizen of this country is entitled to these rights and the government, in whatever role, cannot design to usurp them.

Candidly, of all people, we would expect you to recognize and respect the right to be presumed innocent for an individual charged with a crime, the right to a fair trial and for those rights to be recognized and protected by those enforcing the law. You yourself have underscored the importance of these rights as to why very serious accusations against you, which you claim were unmerited, should not prevent you from being elected Sheriff. For as serious a charge as the criminal justice system contemplates, you enjoyed a presumption of innocence and a fair trial. Surely, these individuals are entitled to the same under our laws.

The effect of these advertisements, whether the primary intent or not, is to taint the community from which the juries in these cases will come. Whether your intent or not, these advertisements clearly impinge on these individuals' rights to a fair trial. The inflammatory nature of the commercial, especially without any surrounding context, infects these individuals' constitutional right to the presumption of innocence.

Under most circumstances, pretrial publicity that affects these rights does not involve a state actor. In this case, this public dissemination comes from the head of the agency that was responsible for investigating the underlying cases. Please accept this letter as our notice that we believe these public comments rise to the level of shocking and egregious governmental conduct that prejudices these individuals' rights to a fair trial. Historically, governmental conduct that shocks a court's conscience merits dismissal of criminal charges, even when the actor is the Sheriff of Broward County. *State v. Williams*, 623 So.2d 462 (Fla. 1993). We are bringing these concerns and the potential ramifications of this conduct to your attention. We ask you to act in accordance with the Constitution and due process.

In addition to these concerns, we must add that, just in the one day that these advertisements have been released, a minor child of at least one of these officers received a threat from a third party. That party referenced your commercial in these threats. We would hope, as a public safety officer, the benefit of inflaming the public for political purposes would not outweigh your obligation to be mindful of the safety of uninvolved, innocent members of the community and that you would also consider some of the practical ramifications of politicizing these issues.

Thank you for your attention to this correspondence.

/s/ *Jeremy J. Kroll*

_____

Jeremy Kroll

/s/ *Eric Scwartzreich*

_____

Eric Scwartzreich

Copies Furnished by email to:

ckilloran@sao17.state.fl.us

jmccormack@sao17.state.fl.us

terrence_lynch@sheriff.org

julio_gonzalez@sheriff.org