UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-cv-60521-DSL

GREGORY LACERRA,

    Plaintiff,

v.

GREGORY TONY, individually and in his official
capacity as Sheriff of Broward County, JOHN HALE,
and VINCENT COLDWELL,

    Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS ALL COUNTS

    Defendants, Gregory Tony, individually ("Sheriff Tony") and in his official capacity as Sheriff of Broward County ("BSO"), John Hale ("Col. Hale"), and Vincent Coldwell ("Sgt. Coldwell") (hereinafter the individuals are referred to as the "Individual Defendants"), pursuant to Federal Rule 12(b)(6), move to dismiss with prejudice Counts VI (Intentional Infliction of Emotional Distress) against the Individual Defendants and VII (Defamation Per Se) against Sheriff Tony. Pursuant to Federal Rule 12(b)(6), the Defendants move to dismiss without prejudice Counts I through III (Section 1983 Malicious Prosecution), IV (Section 1983 Civil Conspiracy), VIII (Malicious Prosecution), IX (Abuse of Process) against the Individual Defendants, and Count V (§768.28 negligence claim) against BSO.[1]

**I.**    **Introduction**

    Plaintiff's Complaint alleges no ultimate facts, is premised on mere conclusory factual allegations and legal conclusions and should be dismissed because he cannot in good faith allege sufficient ultimate facts to support any of his claims. Sgt. LaCerra's claims all ultimately stem from his arrest for battery and falsifying documents. Glaringly missing from the Complaint and necessary to all the claims, are any ultimate facts alleged that the Individual Defendants initiated and continued the legal proceedings to have Plaintiff arrested. Instead, Plaintiff's Complaint is full of irrelevant, conclusory, and inadmissible factual allegations and legal conclusions. As a result of failing to allege ultimate facts to support the central conclusory allegation the Individual

---

[1] Defendants do not believe in good faith Plaintiff can allege sufficient or any ultimate facts to support these claims but recognize the Court may be inclined to afford Plaintiff an opportunity to amend to attempt to cure the deficiencies detailed in this Motion.

1

Defendants were the legal cause to Plaintiff's arrest, the Individual Defendants are entitled to qualified immunity as to Counts I through III (Section 1983 Malicious Prosecution) and IV (Section 1983 Civil Conspiracy) for failure to state a constitutional claim. Counts V (§ 768.28 liability) against BSO, VI (Intentional Infliction of Emotional Distress), VIII (Malicious Prosecution), and IX (Abuse of Process) against the Individual Defendants fail for the same reason the federal claims fail. Finally, as to Count VII (Defamation Per Se), Sheriff Tony is entitled to absolute immune for any statements made (none are identified in the Complaint) while in the course and scope of his employment as Sheriff of Broward County. If the defamation claim is based upon the Campaign Video, aired on June 15, 2020, it is barred by the two-year statute of limitations.

II.     **Relevant facts as alleged in the Complaint.**

On April 18, 2019, Plaintiff and Deputy Christopher Krickovich ("Deputy Krickovich") responded to a parking lot in Tamarac, FL after school was dismissed where a large crowd of high school students gathered. Compl. ¶¶22-23. Upon arrival, Plaintiff and Deputy Krickovich witnessed an altercation occurring. *Id.* at ¶25. While Plaintiff and Deputy Krickovich were arresting a juvenile, the crowd surrounded them and another juvenile assaulted Plaintiff as the crowd converged. *Id.* at 26-27. Plaintiff deployed his pepper spray on the juvenile, and Deputy Krickovich took the juvenile to the ground. *Id.* at ¶27. The juvenile resisted and his head contacted the pavement. *Id.* at ¶27-28 (hereinafter referred to as the "Tamarac Parking Lot Incident").[2]

On April 19, 2019, BSO use of force expert Sgt. Melvin Murphy ("Sgt. Murphy") walked through the video with Sheriff Tony, members from his command staff and others and explained Plaintiff's use of force was consistent with Sheriff's Policy Manual and training. *Id.* at 30. On the same day, a BSO internal affairs ("IA") investigation initiated into both Plaintiff and Deputy Krickovich regarding the Tamarac Parking Lot Incident. *Id.* at ¶¶33-37. According to Plaintiff, Major Russo told Plaintiff that Sheriff Tony said he properly used the pepper spray. *Id.* ¶38. According to Plaintiff, the Individual Defendants insisted and instigated the Broward County State

---

[2] The Defendants have filed in support of this motion a 58 second cellphone video recording of the incident. See [DE 16] (Notice of Filing Videos Conventionally), filed on May 12, 2024. A court may consider documents, including video recordings, "if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018). The recording satisfies these requirements. Plaintiff refers to cell phone video footage in the Complaint (¶¶24, 29, 30, and 57), it is central to his claims (incorporated into all claims), and it is authentic.

Attorney's Office ("SAO") to open a criminal investigation. *Id*. ¶39. On April 23, 2019, BSO suspended Plaintiff with pay. *Id.* at ¶41.

On June 15, 2020, 11 months after the Tamarac Parking Lot Incident, Sheriff Tony[3] released a 30-second video advertisement for his election campaign in which he says "Accountable: I fired the bad cops" (at 0:16 through 0:17/0:30) and also includes a cell phone video clip of the Tamarac Parking Lot Incident (at 0:21 through 0:23/30) (the "Campaign Video").[4] *Id*. at ¶57. On June 25, 2019, Attorney Ben Crump held a press conference and warned that if Plaintiff and Deputy Krickovich were not charged by July 4th, he would be back to hold a rally. Id. at ¶46. On July 3, 2019, the SAO charged Plaintiff with 2 counts of misdemeanor battery, falsifying records, and conspiracy to falsify records. *Id.* at ¶47.

On October 16, 2020, Plaintiff's battery charges were dismissed. *Id*. at ¶59 (order dismissing charge based on stand your ground, Case No. 19-007000MM10 in the Seventeenth Judicial Circuit in and for Broward County, FL). The SAO appealed the dismissal and lost. *Id*. at ¶60; *See State of Florida v. LaCerra*, 336 So. 3d 1196 (Fla. 4th DCA 2022) (per curiam). On June 16, 2022, the SAO dismissed Plaintiff's remaining charges. *Id*. at ¶31. On June 22, 2022, BSO returned Plaintiff to full duty status. *Id*. at ¶62.

### III.   Legal Standard

For a complaint to withstand a Rule 12(b)(6) motion to dismiss, it "must state a claim for relief that is plausible, not merely possible." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co*., 917 F.3d 1249, 1260 (11th Cir. 2019) (en banc). A claim is "plausible" if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); see *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). In considering a motion to dismiss, a court accepts well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff, *Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n*, 942 F.3d 1215, 1229 (11th Cir. 2019), but does not accept conclusory allegations or legal conclusions. *Feldman v. Am. Dawn, Inc*., 849 F.3d 1333, 1340 (11th Cir. 2017).

---

[3] On January 11, 2019, Governor Ron DeSantis appointed Gregory Tony as Sheriff of Broward County after suspending former Sheriff Scott Israel.

[4] *See* FN 2, *supra*. The Campaign Video satisfies the requirements to be considered in evaluating this Motion. It is referred to in the Complaint (¶¶57, 110 with a hyperlink), it is central to the claims (incorporated into all claims), and that it is authentic. *See Hi-Tech Pharm., Inc.*, 910 F.3d at 1189.

A plaintiff cannot deflect an attack on conclusory allegations with a promise to flesh them out after discovery. *See Iqbal*, 556 U.S. at 678–79. Indeed, "subjecting [defendants] to the full 'panoply of expensive and time-consuming pretrial discovery devices' and forcing them to defend an action based on [a plaintiff]'s inadequate allegations . . . runs counter to the general rules of plead-ing." *Franklin v. Curry*, 738 F.3d 1246, 1252 (11th Cir. 2013) (cleaned up) (quoting *Nero Trading, LLC v. U.S. Dep't of Treasury*, 570 F.3d 1244, 1249 (11th Cir. 2009)).[5]

"Courts are generally urged to apply the affirmative defense of qualified immunity at the earliest possible state in litigation, including at dismissal stage." *Andrade v. Miami Dade County,* Case No. 09-23220-CIV-LENARD/TURNOFF, 2010 U.S. Dist. LEXIS 113490, at *13 (S.D. Fla. Sept. 30, 2010); *see Marsh v. Butler County.,* 268 F.3d 1014, 1022 (11th Cir. 2001). "Unless the plaintiff clearly alleges a violation of established law in his complaint, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Andrade*, at *13.

### IV. <u>Immunities asserted by Defendants.</u>

The Individual Defendants are entitled to qualified immunity as to Counts I through III (Section 1983 Malicious Prosecution) and Count IV (Section 1983 Civil Conspiracy) because Plaintiff fails to allege a constitutional violation. As to Count V (Negligence), BSO is entitled to sovereign immunity pursuant to Fla. Stat. § 768.28(9)(a) if the claim is considered a re-cast malicious prosecution claim. Sheriff Tony is entitled to absolute immunity as to Count VII (Defamation Per Se) for all actions taken in the course and scope of his duties as Sheriff of Broward County.

#### A. <u>Qualified Immunity</u>

Qualified immunity "protects the public from unwarranted timidity on the part of public officials," *Richardson v. McKnight*, 521 U.S. 399, 408 (1997), by protecting those officials "from undue interference with their duties and from potentially disabling threats of liability." *Paez v. Mulvey*, 915 F.3d 1276, 1284 (11th Cir. 2019) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982)). The "central idea" of qualified immunity "is this pragmatic one: officials can act without fear of harassing litigation only when they can reasonably anticipate—***before*** they act or do not act— if their conduct will give rise to damage liability for them." *Maddox v. Stephens*, 727 F.3d 1109,

---

[5] On April 8, 2024, Defendants filed a Motion to stay Discovery and for Relief from the Court's Order Requiring a Joint Scheduling Report. [DE 10].

1120 (11th Cir. 2013) (cleaned up). To effectuate that central idea, courts have decided that "the 'breathing room' afforded by qualified immunity is generous; . . . 'it protects all but the plainly incompetent or those who knowingly violate the law.'" *Estate of Cummings v. Davenport*, 906 F.3d 934, 940 (11th Cir. 2018) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011)); *accord Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018) ("'[Q]ualified immunity represents the norm,' and courts should deny a defendant immunity only in rare circumstances." (cleaned up) (quoting *Harlow*, 457 U.S. at 807)).

Qualified immunity is nominally an affirmative defense, but once it is invoked, the plaintiff has the burden immediately to negate it, for it is "an immunity from suit" that is "effectively lost if a case is erroneously permitted to go to trial"—or even into pretrial discovery—before the court resolves the defendant's entitlement to it.[6] *Simmons v. Bradshaw*, 879 F.3d 1157, 1162 (11th Cir. 2018) (cleaned up); *Howe v. City of Enterprise*, 861 F.3d 1300, 1301–03 (11th Cir. 2017). To activate the defense, a defendant must show that his actions were "(1) undertaken pursuant to the performance of his duties and (2) within the scope of his authority." *Mikko v. City of Atlanta*, 857 F.3d 1136, 1144 (11th Cir. 2017). The Individual Defendants readily satisfy this discretionary authority requirement, it is alleged they were acting in their capacity as law enforcement officers. Compl. ¶¶15, 17, 18 (incorporated into all the § 1983 claims at ¶¶64, 74, 84, and 94). The burden thus shifts to the Plaintiff, whose claims risk dismissal unless they have "plead[ed] facts showing (1) that the official violated a . . . constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *al-Kidd*, 563 U.S. at 735 (quoting *Harlow*, 457 U.S. at 806).

B.  Fla. Stat. § 768.28 Immunity (Sovereign Immunity as to BSO)

Section 768.28(9)(a) provides, in pertinent part, that:

> The **exclusive** remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, **unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property**. The state or its subdivisions **shall not be liable in tort** for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or **committed in**

---

[6] A complaint is "subject to dismissal under Rule 12(b)(6) when its allegations—on their face—show that an affirmative defense bars recovery on the claim." *Weissman v. Nat'l Ass'n of Sec. Dealers, Inc.*, 500 F.3d 1293, 1309 (11th Cir. 2007) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc)).

**bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property**.

(Emphasis added).

As to BSO, Florida courts have ruled that a governmental entity may not be held liable where its employee's actions were malicious, in bad faith, or showed reckless and wanton disregard for human rights, safety, or property. *See City of Fort Lauderdale v. Todaro*, 632 So.2d 655, 656-58 (Fla. 4th DCA 1994). Section 768.28(9)(a) will bar claims when the allegations "connote [ ] conduct much more reprehensible and unacceptable than mere intentional conduct" that involve conduct done in bad faith or in a willful and wanton manner. *Gregory v. Miami-Dade County*, 86 F.Supp.3d 1340, 1343 (S.D. Fla. 2015) (quoting *Richardson v. City of Pompano Beach*, 511 So.2d 1121, 1123 (Fla. 4th DCA 1987)).

    C. <u>Absolute Immunity</u>

It is well established under Florida law, "[p]ublic officials who make statements within the scope of their duties are absolutely immune from suit for defamation." *Stephens v. Geoghegan*, 702 So. 2d at 522; *Bates v. St. Lucie Cty. Sheriff's Office*, 31 So. 3d 210, 213 (Fla. 4th DCA 2010) (public officials are absolutely immune from claims for defamation where their allegedly defamatory statements are made within the scope of their duties); *McNayr v. Kelly*, 184 So. 2d 428, 430 (Fla. 1966) (same). The immunity has been extended to law enforcement officers. *Cassell v. India*, 964 So. 2d 190, 194 (Fla. 4th DCA 2007). "[T]he controlling factor in deciding whether a public employee is absolutely immune from actions for defamation is whether the communication was within the scope of the officer's duties." *City of Miami v. Wardlow*, 403 So. 2d 414, 416 (Fla. 1981); *accord Forman v. Murphy*, 501 So. 2d 640, 641 (Fla. 4th DCA 1986). "[T]he Florida Supreme Court has decided that the scope of an official's duties extends beyond enumerated, required tasks, and includes discretionary duties that are associated with a given position." *Stephens*, 702 So. 2d at 523; *see also Cameron v. Jastremski*, 246 So. 3d 385, 388 (Fla. 4th DCA 2019) ("Originally, the protection was afforded only to high-ranking officials, but over time, courts began focusing less on the rank of the official and more on the nature of the employee's duties."); *Goetz v. Noble*, 652 So. 2d 1203, 1205 (Fla. 4th DCA 1995) (stating the term and scope of a law enforcement officer's duties is to be liberally construed).

**V.    Counts I through III (Section 1983 – Malicious Prosecution) against Sheriff Tony, Col. Hale, and Sgt. Coldwell, respectively, should be dismissed without prejudice.[7]**

Plaintiff's inability to plead *facts* demonstrating the Individual Defendants were the legal cause to Plaintiff's arrest entitles the Individual Defendants to qualified immunity because no constitutional violation is alleged. Plaintiff challenges the legitimacy of his arrest, alleging in a conclusory fashion the Individual Defendants "insist[ed] and instigat[ed]" the SAO open a criminal investigation into Plaintiff (Compl. ¶39 incorporated in Counts I through III) and "presented false and fabricated evidence to further the commencement and continuation of criminal proceedings against Plaintiff." Compl. ¶¶66-69 (Count I - Sheriff Tony); 76-79 (Count II - Col. Hale); 86-89 (Count III - Sgt. Coldwell) presented. Compl. ¶39. What the Complaint lacks, and is fatal to Counts I through III and other counts discussed below, is any "factual content that allows the court to draw the reasonable inference" that the Individual Defendants insisted and instigated the SAO's decision to arrest and/or any "factual content that allows the court to draw the reasonable inference" as to what evidence the Individual Defendants presented to the SAO that was false and fabricated. *See Iqbal*, 556 U.S. at 678. Plaintiff's vague and conclusory allegations just that it occurred are insufficient to plausibly raise a constitutional challenge to his arrest. *See Twombly*, 550 U.S. at 555 (noting that, while a complaint does not need detailed factual allegations, one that merely provides "a formulaic recitation of the elements of a cause of action" is inadequate).

The Eleventh Circuit has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983. *Wood v. Kesler*, 323 F.3d 872, 881–82 (11th Cir. 2003). Under Florida common law, six elements must be established to support a claim for the tort of malicious prosecution:

> (1)   An original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding."

*Wood*, 323 F.3d at 881.

---

[7] Plaintiff did not allege a false arrest claim, federal or state, against any of the Defendants.

The Individual Defendants are entitled to qualified immunity and Counts I through III require dismissal because there is no factual content alleged to draw the court to a reasonable inference the Individual Defendants were the legal cause (element 2) of Plaintiff's arrest. The Eleventh Circuit and this District have held that [p]olice officers are typically not the legal cause of a criminal proceeding if they were uninvolved in the decision to prosecute, did not improperly influence the decision to prosecute, or did not conceal relevant information from the prosecutor. *Eubanks v. Gerwen*, 40 F.3d 1157, 1160 (11th Cir. 1994); *see also Williams v. Miami-Dade Police Dep't.*, 297 F. App'x 941, 947 (11th Cir. 2008). "[T]he element of legal causation is established where a defendant gave information to authorities which he or she knew or should have known to be false which was the determining factor in inducing the [arresting] officer's decision." *Alterra Healthcare Corp. v. Campbell*, 78 So. 3d 595, 603 (Fla. 2d DCA 2011) (cleaned up); *see also Pierre v. City of Miramar, Fla., Inc.*, No. 12-60682, 2012 WL 12895743, at *4 (S.D. Fla. Aug. 15, 2012) (quoting *Alterra*); *Rivas v. Figueroa*, No. 11-23195, 2012 WL 1343949, at *3 (S.D. Fla. Apr. 18, 2012) ("The general rule is that if the defendant merely gives a statement to the authorities and leaves the decision to go forward with the case completely to the prosecutor's office, that person will not be liable for a malicious prosecution. However, if the defendant knowingly gives false information, and thus in-fluences the prosecutor's office, then the defendant may be held liable." (cleaned up)). "The test is whether the defendant's action was the proximate and efficient cause of putting the law in motion." *Harris v. Lewis State Bank*, 482 So. 2d 1378, 1381 (Fla. 1st DCA 1986).

Here, the Complaint wholly fails to meet this standard and lacks any sufficient ultimate facts alleging the Individual Defendants: (1) made the decision to prosecute Plaintiff; (2) improperly influenced the decision to prosecute; (3) concealed any relevant information from the prosecutor and what that information was; or, (4) fabricated false and misleading evidence, what was false and misleading, how it was provided to the prosecutor, and how the false and fabricated evidence influenced the prosecutor's decision to prosecute. *See Johnson v. Darnell*, 781 Fed.App'x 961, 963-64 (11th Cir. 2019) (affirming dismissal of the malicious prosecution claim against the officers for failing to allege any facts concerning the substance of evidence or statements that the officers were the legal cause of the proceeding). Instead, Plaintiff only alleges conclusory statements and legal conclusions which the Court cannot accept as true. *Feldman*, 849 F.3d at 1340. All the Complaint does is track the legal "buzz words" in alleging in a conclusory fashion the legal cause element. *See Davila v. Delta Air Lines*, 326 F.3d 1183, 1184 (11th Cir. 2003)

("[C]onclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal."). Florida law on malicious prosecution requires the defendant to have "instigated" the prosecution, meaning that the defendant's actions were "the proximate and efficient cause of putting the law in motion" and "the determining factor" in inducing Plaintiff's prosecution. The purported alleged facts demonstrate none of this and demonstrate nothing at all. This warrants dismissal and the Individual Defendants contend if Plaintiff is permitted to amend, no relevant supporting ultimate facts can be alleged in good faith.

If the Court determines Plaintiff failed to allege sufficient ultimate facts the Individual Defendants were the legal cause of the criminal proceedings, which it should, Counts V (Fla. Stat. § 768.28) against BSO, and Counts VI (Intentional Infliction of Emotional Distress)[8], VIII (Malicious Prosecution), IX (Abuse of Process) against the Individual Defendants fail as well and should also be dismissed without prejudice.

## VI. Count IX (Abuse of Process) against the Individual Defendants should be dismissed without prejudice.

Plaintiff fails to state a claim for abuse of process as Count IX is just a restated version of the malicious prosecution claims regarding Plaintiff's purported unlawful arrest. Thus, if the Court rules Plaintiff has failed to state sufficient ultimate facts the Individual Defendants were the legal cause to Plaintiff's arrest this claim should be dismissed too. Plaintiff's allegations wrongly center around the improper use of *the process*. For an abuse of process claim to survive, Plaintiff must allege sufficient ultimate facts demonstrating how the Individual Defendants used the *process* (the information/indictment) to extort Plaintiff. That cannot be alleged in good faith. Otherwise, this is just a re-cast malicious prosecution claim that warrants dismissal.

The elements for abuse of process are: "(1) an illegal, improper, or perverted use of process by the defendant; (2) an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) damage to the plaintiff as a result of the defendant's action." *Maale v. Kirchgessner*, No. 08-CIV-80131-DIMITROULEAS, 2009 WL 10669512, at *3 (S.D. Fla. Sept.

---

[8] The IIED allegations include: "choosing to continue commencing and continuing criminal charges" Compl. ¶113; "used their apparent authority to withhold information of the Plaintiff's innocence, continued to pursue criminal investigation knowing not crime was committed, and knowingly and purposely fabricating violations of the law and BSO policy violations, all for their own personal benefit" *Id*. ¶114; "direction and control of the unlawful criminal prosecution of which Plaintiff, purposefully and maliciously pushing it forward." *Id*. ¶115; "causing false accusations to be accepted as credible" *Id*. ¶117.

3, 2009) (internal citations to Florida cases omitted). "An action for abuse of process lies if prosecution is initiated legitimately but is thereafter used for a purpose other than that intended by the law." *Id.* (internal quotations and citations omitted). "No abuse of process exists when the process is used to accomplish the result for which it is created, regardless of an incidental motive of spite or ulterior purpose." *Id.* (internal quotations and citations omitted).

Plaintiff alleges in a conclusory fashion the Individual Defendants willfully and intentionally improperly misused the process by: "exercising the process of seeking criminal charges against and participating in the criminal prosecution of Plaintiff; knowing that the claims were false" for an ulterior motive. Compl. ¶¶141-143. "Although abuse of process and malicious prosecution are two separate and distinct torts, they have the common element of an improper purpose in the use of legal process, and there are many cases in which they overlap and either will lie. However, these torts serve different purposes as the tort of malicious prosecution is concerned with maliciously causing process to issue, whereas the tort of abuse of process is concerned with the **improper use of process after it issues**, for some wrongful and unlawful object or collateral purpose." *Kristensen v. Elbadramany*, No. 22-CIV-20525-BLOOM, 2023 WL 34642, at *2 (S.D. Fla. Jan. 4, 2023) (emphasis added) (internal citations and quotations omitted). Unlike here, in some situations, both torts may apply to the same set of events:

> [I]f the defendant justifies issuance of process by untruthfully saying that the plaintiff solicited burglary and uses the process only to have him jailed, this is malicious use only [i.e. malicious prosecution]. It is not malicious abuse [i.e abuse of process] because jailing is the purpose for which criminal process was intended. If the defendant has process issued based on the truthful statement that the plaintiff solicited burglary and then uses the threat of prosecution for purposes of extortion, this is malicious abuse only. Finally, if ... the defendant has process served based on false statements and uses threat of prosecution for purposes of extortion, both torts will lie.

*Id*. (internal citations and quotations omitted).

Here, there is no dispute Plaintiff alleges the Individual Defendants untruthfully initiated and continued the investigation to have Plaintiff arrested. Compl. ¶¶141-143. If that is true, which the Individual Defendants contend is not, that is malicious prosecution, and Plaintiff fails to allege sufficient ultimate facts demonstrating they were the legal cause that led to Plaintiff arrest.[9] Next, there are no allegations Plaintiff was arrested based on the Individual Defendants truthful

---

[9] *Supra*, Section V, above (arguing Plaintiff has failed to allege sufficient ultimate facts the Individual Defendants were the legal cause to Plaintiff's arrest).

statements. Plaintiff alleges the exact opposite, that it was not initiated legitimately. (¶141 ("false criminal allegations"), ¶142 ("knowing the claims were false") ¶143 ("malicious attempt to prosecute")). Therefore, for Plaintiff's abuse of process claim to survive, he must allege *process* was used in some fashion for purposes of extortion. *See Peckins v. Kaye*, 443 So. 2d 1025, 1026 (Fla. 2d DCA 1983) (confirming that ulterior motives alone are insufficient to support an abuse of process claim and that "[t]here must be an improper willful act during the course of the proceedings to constitute an abuse of process"). *See also In re Fundamental Long Term Care, Inc.*, 873 F.3d 1325, 1346 (11th Cir. 2017) ("The fact that a party may be motivated by incidental or concurrent benefits of the use of process is not sufficient to constitute an abuse."). Plaintiff fails to do that as well. Thus, Count IX should be dismissed without prejudice.

**VII.   Count V (Fla. Stat. § 768.28) against BSO should be dismissed without prejudice.**

If the Court dismisses the malicious prosecution claims because Plaintiff has failed to allege sufficient ultimate facts the Individual Defendants were the legal cause to Plaintiff's arrest (which it should), this claim against BSO (Count V – Negligence) fails as well because those same missing ultimate facts would have to be alleged detailing how the Individual Defendants breached a duty owed to Plaintiff. Count V alleges BSO "is liable for the negligent or wrongful acts of its employees [the Col. Hale and Sgt. Coldwell] while acting within the scope of their office or employment[.]" Compl. ¶104. Col. Hale and Sgt. Coldwell "instigated the unlawful arrest of the Plaintiff." Compl. ¶106. Importantly, there are no ultimate facts alleged as to what Col. Hale and Sgt. Coldwell did to instigate Plaintiff's arrest, and if there are, how those ultimate constitute a breach of duty. *Supra,* Section V.

What is really happening here is that Plaintiff is attempting to allege a false arrest claim. However, that cannot be alleged because BSO did not arrest Plaintiff. Therefore, this is just another re-cast malicious prosecution claim—apparently now done "negligently." BSO retains its sovereign immunity even where an officer acts maliciously, a common law malicious prosecution claim against BSO is barred under Florida law *per se. See Weiland*, 792 F.3d at 1330 (noting that "Florida courts have long recognized that Fla. Stat. § 768.28(9)(a)" bars any claim against the municipality for malicious prosecution) (citing *Johnson v. State Dep't of Health & Rehab. Servs.*, 695 So. 2d 927, 930 (Fla. 2d DCA 1997)). The Court need not look past the Introduction of the Complaint:

> At the time [the Individual Defendants] commenced this unlawful prosecution…. Furthermore, included in this **aspersive conduct** was the [I]ndividual Defendants'

11

>**purposeful** intent to pursue criminal charges and thwart Plaintiff's' ability to seek legal redress or avoid further emotional distress….Despite the proof of compliance with policy, and lack of any evidence of wrongdoing, BSO [and the Individual Defendants] all permitted Plaintiff to suffer public humiliation and other damages, while using this unlawful investigation to provide political cover. (emphasis added).

Now, supposedly in "good faith", Plaintiff alleges, without any ultimate facts, the Individual Defendants negligently instigated Plaintiff's unlawful arrest. This claim warrants dismissal without prejudice.

### VIII. Count IV (Section 1983 Civil Conspiracy) against the Individual Defendants should be dismissed without prejudice.

Plaintiff alleges in an insufficient and conclusory fashion the Individual Defendants unlawfully conspired in two ways: "to violate[] Plaintiff's constitutional rights [get him arrested] and commence and continue a criminal prosecution against [him]." Compl. ¶99. This claim fails for the following reasons: (1) the Individual Defendants are entitled to qualified immunity because Plaintiff cannot state a constitutional violation; (2) the statute of limitations bars this claim as to the purported conspiracy to arrest Plaintiff; and, (3) dismissal of Plaintiff's malicious prosecution claims bars this claim as to conspiring to continue a criminal prosecution against Plaintiff.

"A plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right." *Grider v. City of Auburn*, 618 F.3d 1240, 160 (11th Cir. 2010). "A Section 1983 civil conspiracy requires: 1) a violation of Plaintiff's federal rights; 2) an agreement among the Defendants to violate such a right; and 3) an actionable wrong." *Allison v. Parise*, No. 12-CV-1313-T-17EAJ, 2013 WL 12156097, at *2 (M.D. Fla. Aug. 27, 2013). "To plead civil conspiracy, a plaintiff must allege (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damages to the plaintiff as a result of the acts done under the conspiracy. The heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure apply to civil conspiracy claims and require specific factual allegations regarding the time, place and manner of the conspiracy." *Casado v. Miami-Dade County*, 340 F. Supp. 3d 1320, 1333 (S.D. Fla. 2018) (internal quotations and citations to 11th Circuit and other Southern District cases omitted). A Section 1983 civil conspiracy claim must be pled with particularity. *Fullman v. Graddick*, 739 F.2d 553, 556–7 (11th Cir. 1984).

   A. <u>Plaintiff fails to state constitutional violation</u>.

The Individual Defendants are entitled to qualified immunity because Plaintiff fails to allege "factual content that allows the court to draw the reasonable inference" the Individual Defendants conspired to have him arrested or to commence and continue his criminal prosecution. *Iqbal*, 556 U.S. at 678. "The plaintiff attempting to prove such a conspiracy must show that the parties 'reached an understanding' to deny the plaintiff his or her rights. The conspiratorial acts must impinge upon the federal right; the plaintiff must prove an actionable wrong to support the conspiracy." *Grider*, 618 F.3d at 1260. "In civil rights and conspiracy actions, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint." *Kearson v. S. Bell Tel. & Tel. Co.*, 763 F.2d 405, 407 (11th Cir. 1985) (citation omitted). All Plaintiff has done is plead conclusory, vague, and general allegations of a conspiracy.

Count IV is glaringly missing sufficient ultimate facts demonstrating the existence of a conspiracy, the nature of the conspiracy, and the acts demonstrating the Defendants understood and willfully participated in the conspiracy to have Plaintiff arrested in violation of his Fourth Amendment rights and commencing and continuing his criminal prosecution. With no factual support, Plaintiff alleges the following conclusory statements:

- paragraph 96 alleges the Individual Defendants reached an understanding to protect Sheriff Tony's political career;
- paragraph 99 alleges the Individual Defendants and other unknown cronies "met and agreed" and "had a concerted meeting of the minds"; and
- paragraph 100 alleges the Individual Defendants "worked in tandem" with unidentified SAO attorneys "using false and fabricated evidence" (with no specific false and/or fabricated evidence alleged).

"A civil conspiracy requires an agreement between the co-conspirators to do some unlawful act, in this case allegedly to violate the due process rights of Plaintiff." *Allison*, 2013 WL 12156097, at *2 (dismissing conclusory allegations of an agreement between defendants that did not demonstrate an intentional agreement violate Plaintiff's civil rights). The conclusory allegations of a purported agreement between the Individual Defendants, who allegedly provided unspecified false information and/or fabricated evidence to the SAO lawyers is insufficient to show an intentional agreement to violate Plaintiff's Fourth Amendment rights and echoes more of a recast malicious prosecution claim.

B. <u>The statute of limitations bars this claim.</u>

"A dismissal for failure to state a claim on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *S.Y. v. Wyndham Hotels & Resorts, Inc.*, 521 F. Supp. 3d 1173, 1191 (M.D. Fla. 2021) (quoting *United States ex rel. Hunt v. Cochise Consultancy, Inc.*, 887 F.3d 1081, 1085 (11th Cir. 2018)). *See also Wainberg v. Mellichamp*, 93 F.4th 1221, —— (11th Cir. 2024) (same).Paragraph 99 of the Complaint alleges in conclusory fashion the Individual Defendants conspired to arrest Plaintiff. In a § 1983 case brought in Florida the statute of limitations is four years. *See* Fla. Stat. § 95.11(3)(o); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985"); *Bloom v. Miami-Dade Cty.*, No. 06-21879-CIV, 2010 WL 9499082, at *3 (S.D. Fla. Mar. 19, 2010) ("Plaintiffs' claim of conspiracy is subject to a statute of limitations of four years.") (citing Fla. Stat. § 95.11(3)(p)), *aff'd sub nom. Bloom v. Alvereze*, 498 F. App'x 867 (11th Cir. 2012). A cause of action for conspiracy requires "an agreement between two or more persons to achieve an illegal objective, one or more overt acts pursuant to that agreement, and resulting injury to the plaintiff." *Bloom*, 2010 WL 9499082, at *2. "The cause of action begins to accrue when the last element has occurred."

Plaintiff alleges the goal of the conspiracy was to violate his Fourth Amendment rights—have him arrested. Compl. ¶¶95-96. On July 3, 2019, Plaintiff was arrested. Compl. ¶47. Plaintiff's arrest was the last element to occur. Plaintiff's conspiracy claim began to run at the time he was arrested. Plaintiff's complaint was filed on March 28, 2024, more than four years after Plaintiff's arrest. Therefore, this portion of the claim is barred by the four-year statute of limitations and should be dismissed with prejudice.

    C. Dismissal of the malicious prosecution claims and abuse of process claims bar this <u>claim</u>.

If the Court dismisses the malicious prosecution related claims (Counts 1 through 3, 5 and 8) and Count IX (Abuse of Process), this claim must be dismissed as well. "The gist of civil conspiracy is not the conspiracy itself but the civil wrong which is done through the conspiracy which results in injury to the plaintiff." *Maale*, 2009 WL 10669512, at *4 (internal citations omitted). "Therefore, as the underlying tort claims fail, as discussed above, the claims for conspiracy would also fail." *Maale*, 2009 WL 10669512, at *4. *See Churruca v. Miami Jai-Alai, Inc.*, 353 So. 2d 547, 550 (Fla. 1977) (there exists no independent tort for conspiracy). The Individual Defendants are entitled to qualified immunity because Plaintiff cannot allege a Section

14

1983 Civil Conspiracy claim without an underlying tort. This claim warrants dismissal without prejudice.

### IX. Count VI (Intentional Infliction of Emotional Distress) against the Individual Defendants should be dismissed with prejudice.

Plaintiff alleges in a conclusory fashion that Defendants intentionally inflicted emotional distress upon him when they chose to pursue a criminal investigation when no crime was committed and fabricated evidence. Compl. ¶¶111-115. Like the malicious prosecution claims above, Plaintiff fails to allege any factual content the Individual Defendants commenced and continued the criminal investigation, fabricated evidence, controlled the criminal prosecution or caused false accusations to become credible. Even if, Plaintiff did allege sufficient ultimate facts, which he did not (and cannot truthfully) do, the IIED claim still fails because the conduct alleged is not sufficiently "outrageous."

The following must be alleged to state a claim for intentional infliction of emotional distress under Florida law: "(1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe." *Jimenez v. ViaCord*, Case No. Case No. 21-61805-CV-SINGHAL, 2022 WL 4271337, at *6 (S.D. Fla. Sept. 15, 2022).

The Individual Defendants' conduct was not outrageous as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. Whether conduct is "outrageous" is a question of law for the Court to decide. *Casado v. Miami-Dade County, et al.*, 340 F. Supp. 3d 1320, 1332 (S.D. Fla. Oct. 23, 2018). There is no exhaustive or concrete list of what is "outrageous conduct." *Casado*, 340 F. Supp. 3d at 1332. "In deciding whether conduct reaches this level, courts must make an objective determination; the subjective response of the person suffering emotional distress does not control." *Gomez v. City of Miami*, No. 21-CIV-23668-WILLIAMS, 2023 WL 6376511 at *10 (S.D. Fla. Sept. 29, 2023). Claims of intentional infliction of emotional distress are upheld in extremely rare circumstances. *Id*.

In the present case, Plaintiff has failed to allege ultimate facts that meet the high standard of showing the Individual Defendants' conduct went "beyond all bounds of decency," or could be "regarded as atrocious and utterly intolerable in a civilized society." Courts routinely dismiss IIED claims from purported false arrests. *See Casado*, 340 F. Supp. 3d at 1332-1333 (dismissing an IIED claim after concluding that officers' alleged conduct in repeatedly punching arrestee in the face, slamming him into the hood of a car, and arresting him without probable cause was not

15

"sufficiently outrageous" to sustain a Florida IIED claim); *Frias v. Demings*, 823 F. Supp. 2d 1279, 1289 (M.D. Fla. 2011) ("While being subject to false arrest is embarrassing, it is not sufficiently extreme and outrageous absent some other grievous conduct."); *Johnson v. Nocco*, No. 8:20-CV-1370-T-60JSS, 2020 WL 6701606, at *7 (M.D. Fla. Nov. 13, 2020) (dismissing plaintiff's emotional distress claim where plaintiff's allegations of being unlawfully arrested and taken to jail could not satisfy the "outrageous" conduct requirement); *Allison*, 2013 WL 12156097, at *2 (dismissing plaintiff's IIED claim for "deliberately and intentionally fail[ing] to properly investigate controlling law"). This claim warrants dismissal with prejudice.

X. **Count VII (Defamation Per Se) against Sheriff Tony should be dismissed with prejudice.**

Plaintiff alleges in a conclusory fashion that Sheriff Tony published false statements "in which he accused Plaintiff of four crimes: two counts of Battery and two counts of falsifying reports," fails to identify any purported false statement in the Complaint. Compl. ¶120. Under Florida law, defamation requires the following five elements: (1) publication; (2) falsity; (3) the statement was made with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement is defamatory. In defamation per se cases, Plaintiffs do not need to show any special damages" because the defamation is actionable on its face. Defamation per se occurs when: (1) it charges that a person has committed an infamous crime; (2) it charges a person with having an infectious disease; (3) it tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (4) it tends to injure one in his trade or profession." *One for Israel v. Reuven*, No. 21-CIV-61475-SINGHAL, 2022 WL 4465389, at * 2 (S.D. Fla. Sept. 26, 2022) (internal citations and quotations omitted).

If Plaintiff can allege this, which he has not and cannot truthfully, and if any of these statements that are not yet identified occurred in the course and scope of his employment as Sheriff of Broward County, Sheriff Tony is entitled to absolute immunity. *See* Stephens, 702 So. 2d at 522; *Bates*, 31 So. 3d at 213 (public officials are absolutely immune from claims for defamation where their allegedly defamatory statements are made within the scope of their duties); *McNayr v. Kelly*, 184 So. 2d 428, 430 (Fla. 1966) (same).

If Plaintiff is referring to the Campaign Video, this claimed is barred by the two-year statute of limitations. *See Cochise Consultancy, Inc.*, 887 F.3d at 1085 (11th Cir. 2018) (dismissal on statute of limitations grounds is appropriate when it is apparent form the face of the

complaint). The Complaint alleges the Campaign Video aired on June 15, 2020. Compl. ¶57. In Florida, the statute of limitations for defamation is two years. Fla. Stat. § 95.11(4)(g). Plaintiff filed his Complaint on March 28, 2024, which is more than two years from when the Campaign Video aired. If Plaintiff's defamation claim is predicated on the Campaign Video, it should be dismissed with prejudice as time barred.

XI.     **Conclusion**

For all the foregoing reasons, Counts VI (Intentional Infliction of Emotional Distress) and VII (Defamation Per Se) should be dismissed with prejudice and all other claims without prejudice. Again, as to the causes of action pending dismissal without prejudice, and if permitted to amend, Defendants do not believe Plaintiff can allege in good faith sufficient ultimate facts to support those claims.

**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone No. (954) 525-4100
Facsimile No. (954) 525-4300
*Attorneys for Defendants*

By: /s/ *Seth D. Haimovitch*
DAVID L. FERGUSON
Florida Bar Number: 0981737
Ferguson@kolawyers.com
SETH D. HAIMOVITCH
Florida Bar Number: 0085939
Haimovitch@kolawyers.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served upon all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on this 16th day of May 2024.

By: /s/ *Seth D. Haimovitch*
SETH D. HAIMOVITCH
Florida Bar Number: 0085939
Haimovitch@kolawyers.com

4858-5088-7359, v. 1