UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60521-LEIBOWITZ

**GREGORY LACERRA,**

    *Plaintiff*,

v.

**BROWARD COUNTY SHERIFF
GREGORY TONY, et al.,**

    *Defendants.*

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Motion to Stay [ECF No. 10] and Defendants' Motion to Dismiss [ECF No. 17] after the Court held a hearing on August 23, 2024. [*See PAPERLESS MINUTE ENTRY*, ECF No. 24]. At the August 23rd hearing, counsel for both parties presented argument on whether Plaintiff pleaded facts sufficient to state a claim for each of the nine counts asserted in this action. [ECF No. 1]. Upon due consideration, the Motion to Dismiss [ECF No. 17] is GRANTED, and the Motion to Stay [ECF No. 10] is DENIED as moot.

At the August 23rd hearing, the Court agreed that Plaintiff's claims were, at a minimum, in artfully pleaded. However, the Court noted that Plaintiff filed the Complaint in state court. Now that the case has been removed to federal court, Plaintiff should be given the opportunity to shore up pleading deficiencies, if he can. To provide further guidance, the Court memorializes some of the concerns voiced at the August 23rd hearing with respect to Plaintiff's Section 1983 claims. Those claims give rise to this Court's subject-matter jurisdiction. As far as Plaintiff's state law claims, the Court incorporates in full the colloquy between the Court and counsel at the August 23, 2024,

hearing. Plaintiff should amend his state law claims accordingly. To the extent the Court made additional or more detailed rulings on the record that are not memorialized in this written Order, those rulings are binding on the parties as set forth on the record.

> Section 1983 Malicious Prosecution Claims against Sheriff Tony, Col. Hale & Sgt. Coldwell (Counts I, II, and III)
>
> To state a section 1983 malicious prosecution claim, plaintiff must allege: "(1) the elements of the common law tort of malicious prosecution, and (2) a violation of [the plaintiff's] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (citing *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003)). Under Florida law, the elements of a malicious prosecution are: "(1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding." *Blackshear v. City of Miami Beach*, 799 F. Supp. 2d 1338, 1347 (S.D. Fla. 2011) (quoting *Kingsland*, 382 F.3d at 1234).

Generally, police officers are not the legal cause of an original proceeding where they are not involved in the decision to prosecute. *See Blackshear*, 799 F. Supp. 2d at 1347 (citing *Williams v. Miami-Dade Police Dep't*, 297 F. App'x 941, 947 (11th Cir. 2008)).

In support of the Section 1983 malicious prosecution claims, Plaintiff alleges that "TONY, individually and in furtherance of his own personal political aspirations, presented false and fabricated evidence to further the commencement and continuation of criminal proceedings against Plaintiff" and that "TONY, individually, and HALE and COLDWELL, along with officials of the Broward County State Attorney's Office, worked in tandem and conspired to convict Plaintiff of a crime they knew he did not commit." [ECF No. 1-1 ¶¶ 66, 67]. As the Court explained at the hearing, Plaintiff's Complaint fails to identify the alleged "false and fabricated evidence" or *plead facts* that explain how or when Defendants "worked in tandem" and "conspired" with the Broward County State Attorney's Office to "convict Plaintiff of a crime they knew he did not commit." Moreover, Plaintiff does not specify at what point in the state criminal prosecution (either at its

onset on July 3, 2019, or at some point during its continuation) that Defendants acted to deprive Plaintiff of his Fourth Amendment rights.

Section 1983 Civil Conspiracy Claim against Tony, Coldwell, and Hale (Count IV)

> To establish a prima facie case of a Section 1983 conspiracy, a plaintiff must show that "the defendants reached an understanding to deny the plaintiff's rights." *Hadley v. Gutierrez,* 526 F.3d 1324, 1332 (11th Cir. 2008) (citing *Bendiburg v. Dempsey,* 909 F.2d 463, 469 (11th Cir. 1990)). Additionally, the plaintiff must show "an underlying actual denial of [his] constitutional rights." *Hadley,* 526 F.3d at 1332 (quoting *GJR Invs.,* 132 F.3d at 1370). Finally, to allege a conspiracy, a plaintiff must make "particularized allegations" that a conspiracy exists. *GJR Invs.,* 132 F.3d at 1370. Vague and conclusory allegations suggesting a Section 1983 conspiracy are insufficient. *Fullman v. Graddick,* 739 F.2d 553, 556–57 (11th Cir.1984).

*Burge v. Ferguson,* 619 F. Supp. 2d 1225, 1237 (M.D. Fla. 2008). In support of his Section 1983 civil conspiracy claims, Plaintiff alleges:

> Knowing that TONY'S re-election campaign could ill-afford any negative publicity, COLDWELL, HALE, and TONY, along with other unidentified TONY cronies at BSO, in a conspired effort to provide TONY with political cover, met and agreed that despite Plaintiff having done nothing wrong, together they had a concerted meeting of the minds, which was to violate Plaintiff's constitutional rights and commence and continue a criminal prosecution against the Plaintiff, all of which was the legal cause of the criminal proceedings being filed…. Thereafter, COLDWELL, HALE, TONY, individually, along with officials of the Broward County State Attorney's Office, using false and fabricated evidence, worked in tandem and conspired to convict Plaintiff of a crime they knew he did not commit.

[*Id.* ¶¶ 99, 100]. These allegations similarly lack factual detail regarding the alleged "false and fabricated evidence," the alleged conspiring with the State Attorney's Office, and the precise moment(s) in time when the alleged conspiracy took shape.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [**ECF No. 17**] is **GRANTED without prejudice.** Plaintiff must file an Amended Complaint that comports with the standards and guidance set forth in this Order, the August 23rd hearing, and the Federal Rules of Civil Procedure **no later than Tuesday, September 17, 2024.**

It is **FURTHER ORDERED** that Defendants' Motion to Stay [**ECF No. 10**] is **DENIED AS MOOT.** Defendants may refile their request for a stay if they move to dismiss

Plaintiff's Amended Complaint.

**DONE AND ORDERED** in the Southern District of Florida this August 26, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record